UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAIME ORNELAS,<br><br>　　　　　Defendant. | CASE: 1:12-CR-00387-AWI-BAM<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION**<br><br>(Doc. No. 28) |

Defendant Jaime Ornelas has brought a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). Doc. No. 28 at 1. The Court deems the motion, which the United States opposes, suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons that follow, the motion will be denied.

## BACKGROUND

**A.    Initial Sentencing**

On April 8, 2013, Defendant pleaded guilty to three felony counts. Doc. Nos. 14 at 2:26-3:2; Doc. No. 15. Counts 1 and 3 were for violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and Count 2 was brought under 21 U.S.C. § 841(a)(1) (possession with intent to distribute methamphetamine). Doc. No. 14 at 1:23-28. The violation of 18 U.S.C. § 922(g)(1) relating to Count 1 and the violation of 21 U.S.C. § 841(a)(1) relating to Count 2 occurred on

1  October 14, 2012. See Doc. No. 1. The violation of 18 U.S.C. § 922(g)(1) relating to Count 3
2  occurred on August 13, 2012. See id.
3        A Presentence Investigation Report ("PSR") was prepared prior to sentencing. See Doc.
4  No. 19. The report analyzed the offense level for the events of October 14, 2012 (Counts 1 and 2)
5  and the offense level for the events of August 13, 2012 (Count 3) separately.
6        As to the events of October 14, 2012 (Counts 1 and 2), the report acknowledged that the
7  sentencing guideline for violations of 21 U.S.C. § 841(a)(1) (the drug offense) is U.S.S.G. §
8  2D1.1, but applied U.S.S.G. § 2K2.1, because the firearm violation produced "the greatest offense
9  level." Id. (PSR ¶ 13). Applying U.S.S.G. § 2K2.1 (as opposed to U.S.S.G. § 2D1.1), the report
10 calculated a combined adjusted offense level for Counts 1 and 2 of 32. Doc. No. 18 (PSR ¶¶ 14-
11 27). As to the events of August 13, 2012 (Count 3), the PSR calculated the same offense level—
12 32—on the grounds that Defendant was a "career offender within the meaning of U.S.S.G. §
13 4B1.1." Id. (PSR ¶¶ 28-30). In short, U.S.S.G. § 2K2.1 and U.S.S.G. § 4B1.1 were used to
14 calculate offense levels for the counts against Defendant. U.S.S.G. § 2K2.1 was not applied.
15       Based on the foregoing determinations (modified to reflect Defendant's acceptance of
16 responsibility, see Doc. No. 19 (PSR ¶ 29)), the guideline range for imprisonment at the time
17 Defendant was sentenced was 151 to 188 months. Doc. No. 19 (PSR ¶¶ 73, 92 and p. 23).
18 Consistent with the April 8, 2013 plea agreement, see Doc. No. 14 at 5:26-6:2, the Court imposed
19 a sentence at the bottom of that range—151 months imprisonment. Doc. Nos. 23 & 24.
20 **B.     Motion for Sentence Reduction**
21       On June 7, 2022, Defendant filed a motion for reduction of sentence under 18 U.S.C. §
22 3582(c)(2) and Amendment 782 to the U.S.S.G., Doc. No. 28 at 1, as well as a request for court-
23 appointed counsel. Id. at 2. The motion consists of a one-page, fill-in-the-blank form. Doc. No. 28
24 at 1. The form appears some information regarding Defendant's crime and incarceration, but it
25 contains no argument as to why a sentence modification is warranted or what form of modification
26 should be applied. Id.
27       On January 13, 2023, the Court issued an order appointing the Federal Defender to provide
28 representation to Defendant in connection with his motion for sentence reduction. Doc. No. 29.

Specifically, the Court directed the Federal Defender to review this matter with Defendant and determine whether Defendant would stand on, supplement or withdraw his motion. Id.

On February 24, 2023, the Federal Defender filed a notice stating that the Federal Defender would not file a supplement to Defendant's motion because Defendant 'ha[d] not provided a definitive response to [the Federal Defender's] communications." Doc. No. 32 at 2. Further, the Federal Defender requested leave to withdraw as counsel in this matter. Id. Defendant did not oppose (or otherwise respond to) the withdrawal request, and the Court granted the Federal Defender leave to withdraw, terminating the Federal Defender as counsel for Defendant in this action effective March 16, 2023. Doc. No. 33.

The United States filed an opposition to Defendant's motion on April 17, 2023. Doc. No. 35. The opposition was served on Defendant on April 18, 2023, Doc. No. 36, and the Court issued an order on April 18, 2023 directing Defendant to file any reply in further support of his motion by April 26, 2023. Doc. No. 37. No reply was filed by that deadline and Defendant has not otherwise communicated with the Court since he filed his motion for a sentence reduction on June 7, 2022. See Doc. No. 28.

## **DISCUSSION**

To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), a defendant must show (1) that his sentence was "based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission" ("Sentencing Commission") and (2) that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)); United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013) (stating that 18 U.S.C. § 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission").Where an amendment to sentencing guidelines does not alter the sentencing range applicable to the defendant, no reduction of sentence may occur. United States v. Waters, 648 F.3d 1114, 1117 (9th Cir. 2011) (finding defendant ineligible for sentence reduction because his career offender guideline was not altered by reduction in drug offense

guideline).

As indicated above, Defendant asserts that he is entitled to a sentence reduction based on Amendment 782 to the U.S.S.G. Doc. No. 28 at 1. Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower base offense levels for certain drug offenses. United States v. Tingley, 2015 WL 5009927, at *2 (S.D. Ill. Aug. 24, 2015); see also Zeich v. United States, 2014 WL 6774878, at *2 (E.D. Cal. Nov. 10, 2014). Defendant's sentence range, however, was not based on his drug offense. As to Counts 1 and 2, it was calculated under U.S.S.G. § 2K2.1, based on the October 14, 2012 weapons violation, and as to Count 3, it was calculated under U.S.S.G. § 4B1.1, based on a finding that Defendant is a career criminal. Amendment 782 did not modify either U.S.S.G. § 2K2.1 or U.S.S.G. § 4B1.1. See United States v. Thomas, 606 F. App'x 556, 557 (11th Cir. 2015) (finding that Amendment 782 "lowered the offense levels for § 2D1.1" but did not change offense levels under U.S.S.G. § 2K2.1); Zeich, 2014 WL 6774878 at *2 (holding that career offender sentenced pursuant to U.S.S.G. § 4B1.1 is ineligible for sentence reduction based on Amendment 782).

Consequently, the sentence range applicable to Defendant remains 151 months to 188 months in prison, see Doc. No. 23, notwithstanding Amendment 782, and his motion for a sentence reduction must be denied. See Zeich, 2014 WL 6774878 at *2.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Jaime Ornelas's motion for sentence reduction (Doc. No. 28) is DENIED.

IT IS SO ORDERED.

Dated:   April 27, 2023                                     _____
                                                            SENIOR DISTRICT JUDGE